976 So.2d 75 (2008)
Manuel BENITEZ, Appellant,
v.
Odalis D. BENITEZ, Appellee.
No. 3D07-1472.
District Court of Appeal of Florida, Third District.
February 13, 2008.
*76 Stephen Rakusin, Fort Lauderdale, for appellant.
Robert D. Hertzberg; Law Offices Greene, Smith & Associates, P.A., and Cynthia L. Greene, Miami, for appellee.
Before COPE and RAMIREZ, JJ., and PALMER, Associate Judge.
COPE, J.
The question before us is whether a provision in a marital settlement agreement waiving the right to modification of alimony means what it says. We conclude that it does, and affirm the order below.
During their proceeding for dissolution of marriage, the parties entered into a Marital Settlement Agreement. The Agreement requires the former husband to pay to the former wife non-modifiable alimony, which terminates upon her remarriage, the death of either party, or after fifteen years, whichever occurs first. Remarriage is defined as a "ceremonial marriage."
Both parties waived the right to seek modification of alimony. The Agreement included a provision that the former husband
shall not apply to any court for a modification of the aforesaid alimony provision or any judgment or decree into which the provisions of this Agreement shall be incorporated with respect to alimony or spousal support to be paid by the Husband to the Wife whether pursuant to Section 61.14[,] Florida Statutes[,] or any other provision or authority.
The Marital Settlement Agreement was executed by the parties and incorporated into the final judgment of dissolution of marriage in 1999.
In 2007, the former husband filed an Amended Petition for Downward Modification of Alimony. The trial court dismissed the Petition for Modification. The former husband has appealed.
Boiled down, the former husband says that the former wife has additional financial resources which have become available to her and that her alimony should be reduced. The specific theories need not be addressed.
The former husband agreed not to seek modification for any reason. He is in breach of his obligations by moving for modification. The trial court correctly dismissed the petition. See Ferraro v. Ferraro, 891 So.2d 1211, 1212 (Fla. 3d DCA 2005).
Affirmed.